Louis B. Heller, J.
Plaintiff moves for support and maintenance for herself and two infant issue, exclusive use of the matrimonial domicile, custody of the infant issue and for counsel fees. This action was commenced by service of a summons only, indorsed to indicate that plaintiff sought judgment for absolute divorce, separation, recovery of real property and for related relief. As required by article 11-B of the Domestic Relations Law in actions for divorce, notice of commencement of the action was filed with the Conciliation Bureau and appropriate proceedings under that article were thus initiated. Shortly after the commencement of the action while the conciliation proceeding was still pending and prior to issuance of any certificate by the Commissioner that no further necessity existed for such conciliation, plaintiff served a notice of motion returnable before the court at Special Term Part V requesting alimony and other relief on this application. I am informed that the parties have stipulated before the Conciliation Commissioner for a fixed amount payable by defendant to cover support of the infant issue and also for visitation rights by him. I am further informed that as of this date the conciliation proceeding is still open and that no certificate has as yet been issued. Plaintiff asks that the remaining portion of her application including alimony for herself, counsel fees and exclusive possession of the matrimonial domicile be disposed of and granted by the court.
This court has ruled that though the restrictions against service of a complaint with a summons apply to separation actions as well as divorce actions, conciliation procedures are not available in separation actions and that therefore an application for alimony and counsel fees may be made directly to the court (Beanland v. Beanland, 54 Misc 2d 1010). In the case of a divorce action, there is no question that the procedure under section 215-e of the Domestic Relations Law is exclusive. Insofar as pertinent, that section provides: “ Any party involved in a conciliation proceeding may, at any stage thereof, apply for an order directing the payment of temporary alimony, child support and counsel fees. Such application shall be made to the conciliation commissioner assigned to the parties hereunder who shall hold a hearing and take testimony as to the financial ability and needs of the parties and recommend and report his findings to a justice of the supreme court of the appropriate judicial district. Such justice shall review, determine and in his discretion shall issue an appropriate order based on said *634 recommendation and report. The relief sought shall be based on an affidavit of the party seeking’ the relief which shall relate only to the financial ability and needs of the parties. ” (Emphasis supplied.)
It is plaintiff’s view here that since her action is a double-barreled one for both divorce and separation, although she is bound to submit her difficulties underlying the plea for divorce to conciliation proceedings, she may still avail herself of remedies for alimony and counsel fees by direct application to the court because of the added plea for separation. I do not agree. No complaint has been served here and the papers on this application do not disclose precisely the grounds which plaintiff proposes to use as the basis for her actions for separation and divorce. The memorandum of law submitted by defendant’s counsel assumes that plaintiff is proceeding under the same facts of alleged cruelty for both divorce and separation. Whether that be so or not, if plaintiff’s contention is correct, she has discovered a simple escape route from the strictures under section 215-e. Indulgence of this approach would wreak havoc with conciliation procedures and their underlying philosophy. Plaintiff would be conducting peace maneuvers in the Conciliation Bureau while waging war in Special Term.
Unless there are compelling and valid reasons to the contrary, in any action which also includes a cause of action for divorce, a party should be required to make preliminary application for alimony and counsel fees to the Conciliation Commissioner. I believe that in this instance a strict interpretation of section 215-e is indicated and warranted to conform to the true intent of that section.
That portion of the application relating to alimony and support for plaintiff and for counsel fees is therefore referred for hearing and report to the Conciliation Commissioner pursuant to section 215-e. Pending such proceedings before him and his report thereon to the court, determination of the balance of plaintiff’s application will be held in abeyance.