Francis J. Bloustein, J.
In an action for separation, plaintiff moves for temporary alimony, counsel fees and for the payment of rent due on the marital apartment. The motion herein was served simultaneously with the service of the summons. The court has been advised that a notice of commencement of the action has been filed with the Conciliation Bureau pursuant to section 215-c of the Domestic Relations Law and that the conciliation proceeding is still pending before the Conciliation Commissioner.
A question is presented whether the instant application should be made directly to the court or the Conciliation Commissioner in view of the recent amendment to section 211 of the Domestic Relations Law, as added by chapter 701 of the Laws of 1968. Section 211, as amended, reads in part as follows: “A matrimonial action * * * shall be commenced by the service of a summons only and a verified complaint in such action may not be served until the expiration of one hundred twenty days from the date of the filing of a notice of commencement of the action or the determination of conciliation proceedings under article eleven-B of this chapter, which ever period is less, provided, however, a notice of petition and petition to the court for temporary alimony, child support and counsel fees, based on financial ability and need only, may be served with such summons or at any time prior to the termination of such conciliation proceedings.”
Prior to the amendment of section 211, applications for temporary alimony, during the pendency of conciliation proceedings, were required to be made to the Conciliation Commissioner pursuant to section 215-e (Capitella v. Capitella, 55 Misc 2d 632).
Courts of concurrent jurisdiction have interpreted the recent amendment to section 211 as requiring that applications for temporary alimony and counsel fees be made directly to the court (Morrison v. Morrison, N. Y. L. J., Sept. 17, 1968, p. 18, col. 8 *346 [Holtzmast, J.]; see. also, daily printed court notice in the New York Law Journal under Spec. Term, part V, Sup. Ct., Nassau County). With due respect to my colleagues, I am not inclined to such interpretation.
The statement in support of the bill amending section 211 reads:
“ This bill would amend section 211 by making its provisions applicable to all matrimonial actions, except an action to declare the nullity of a void marriage, consistent with the enlarged jurisdiction of the conciliation bureau proposed in Senate Intro 2482 and Assembly Intro 3333.
“ The bill would authorize service of motion papers for temporary alimony, child support and counsel fees, based on financial ability and need only, simultaneously with the service of a summons, or at any time prior to termination of conciliation proceedings.
“■ Particular attention is directed to the limitation on moving papers which /may be served. It should be noted that motion papers are limited to financial ability and need only. Inclusion in these papers of a complaint, counterclaim or affidavits concerning tlie alleged merit of the action would be improper and in violation of the public policy of this State. In order to provide fair opportunity for conciliation the atmosphere must txémafn uncontaminated by the acrimony which usually results from the service of papers containing charges and countercharges, accusations, denials and recriminations.
“ This bill would not only settle uncertainties but also afford guide lines for the assistance of the bench and bar.” (Emphasis added.) (Memorandum of Joint Legislative Committee on Matrimonial and Family Laws, 1968 McKinney’s Session Laws, p. 2309.)
The conclusion reached in the Morrison case (supra) and the rule promulgated by the Supreme Court, Nassau County, are contrary to legislative intent. As I read this memorandum, the legislative intent still requires that applications for temporary alimony during pendency of the conciliation proceedings be made to the Conciliation Commissioner, otherwise it “ would wreak havoc with conciliation procedures and their underlying philosophy. Plaintiff would be conducting peace maneuvers in the Conciliation Bureau while waging war in Special Term ”. (Capitella v. Capitella, supra, p. 634.)
Separating the case between the Conciliation Commissioner and a Justice of the court for consideration of different aspects of the case will, in all likelihood, endanger conciliation proceedings.
*347 Moreover, when section 211 is read together with article 11-B of the Domestic Relations Law, it is clear that the instant application should be made to the Conciliation Commissioner, as he is a part of the court, in that the ultimate interim relief is afforded by the court and not by the Commissioner (see § 215-e).
Accordingly, this motion is transferred to the Conciliation Commissioner and placed on his calendar for December 13,1968.