James H. O’Connor, J.
The plaintiff in this action for divorce moves this court pursuant to section 211 of the Domestic Relations Law for temporary alimony and counsel fees pending the outcome of this action.
At the outset it should be noted that the defendant has contested the jurisdiction of this court to entertain an application for temporary alimony and counsel fees. He cites as authority section 215-e of the Domestic Relations Law and also the case of Capitella v. Capitella (55 Misc 2d 632) for the proposition tha-t such an application should be made to the Conciliation Commissioner who should hold a hearing and take testimony as to the financial ability and the needs of the parties.
It is this court’s holding that while the Conciliation Commissioner can entertain an application in the first instance for temporary alimony and counsel fees, still by virtue of section *282 211 of the Domestic Relations Law such an application can also be made directly to the court. Under section 211 of the Domestic Relations Law there is a provision that a notice of petition and petition to the court for temporary alimony, child support and counsel fees based on financial ability and need could only be served with a matrimonial summons or at any time prior to the termination of the conciliation proceedings. In the case of Loretta B. v. Gerard B. (30 A D 2d 347) there is a clear indication that an award of temporary alimony and counsel fees may be made prior to the completion of the conciliation proceedings in a divorce action. While that case does not stand for the proposition that the award can be made in the first instance by the Supreme Court, it can well be inferred that the application in that case was initially made to the Supreme Court. It should also be noted that the Loretta B. case was decided prior to the effective date of the amendments to section 211 of the Domestic Relations Law which now allows a notice of petition and petition to be made “ to the court ” contemporaneously with the service of the summons at any time prior to the termination of the conciliation proceedings.
The Loretta B. case also stands for the. proposition that an application for alimony and counsel fees made during the statutory conciliation period should be supported only by facts relating to the financial ability and needs of the parties. This statement follows the general proposition that an application for temporary alimony should not be made or encouraged unless there is a genuine necessity. Thus in Light v. Light (29 A D 2d 540) and also Swinson v. Swinson (29 A D 2d 693) evidence that the plaintiff wife had assets of her own did not warrant an award of temporary alimony or counsel fees although the trial court was given the prerogative of making an appropriate allowance nunc pro tunc.
Applying these general principles to the facts adduced from the affidavits submitted in the instant action it is this court’s decision that said motion be in all respects denied. However, leave to apply to the trial court for a mmc pro Pane order is granted. (Light v. Light, supra.)
There is no indication in the moving papers that the wife is unable to work and surely this criterion, as set forth in section 236 of the Domestic Relations Law is available to the court on an application for temporary alimony, notwithstanding section 215-e of the Domestic Relations Law. The wife’s ability to work will definitely affect her need for financial assistance during the pendency of- a matrimonial action. The plaintiff here has personal property, which according to the defendant totals some *283 $13,500 and a savings account of at least $5,000, as well as a monthly income from a mortgage of $58.
All of these facts taken into consideration would indicate that the plaintiff has failed to prove financial need on this application.